# Yerkes *v.* Osborne, Appellant.

*Brokers—Real estate brokers—Commissions—Principal and agent.*

Where a real estate broker was authorized to sell an entire property for a specific sum, and he receives an offer of a less sum which is rejected, but subsequently the owner without the further intervention of the broker sells to the person who made the offer to the broker, one-half the property for a sum less than the price put on the property by the owner, the latter is not entitled to commissions on the sale, inasmuch as he did not bring about the sale of the entire property.

Argued Nov. 17, 1909. Appeal, No. 170, Oct. T., 1909, by defendant, from judgment of C. P. Chester Co., April T., 1908, No. 18, on verdict for plaintiff in case of William T. Yerkes v. Julia F. Osborne. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover commissions on the sale of real estate. Before HEMPHILL, P. J.

254 YERKES *v.* OSBORNE, Appellant.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $113.93. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

J. Frank E. Hause, with him Joseph E. Sagebeer, for appellant, cited: Keys v. Johnson, 68 Pa. 42; Glendenon v. Pancoast, 75 Pa. 213; Pratt v. Patterson, 112 Pa. 479; Kifer v. Yoder, 198 Pa. 308; Turner v. Baker, 225 Pa. 362; Samuels v. Luckenbach, 205 Pa. 428; Earp v. Cummins, 54 Pa. 394; Hartley v. Anderson, 150 Pa. 391; Johnson v. Seidel, 150 Pa. 396; Burchfield v. Griffith, 10 Pa. Superior Ct. 618.

A. M. Holding, with him D. P. Hibberd, for appellee, cited: Keys v. Johnson, 68 Pa. 42; Gibson's Est., 161 Pa. 177; Seabury v. Fidelity Ins., etc., Co., 205 Pa. 234.

OPINION BY HEAD, J., March 3, 1910:

It is conceded that the defendant, who was the owner of certain real estate, authorized the plaintiff, a broker or agent, to sell at the price of $6,500. It is not claimed, however, that his right to sell was exclusive for any given time. The owner therefore retained the power to revoke the authority at any moment before it was actually executed and to sell the property herself. Such revocation and sale, however, would not be conclusive against the plaintiff's right in an action to recover commissions.

The property had a frontage of 161 feet. The improvements, house, stable, etc., were so located as to leave about one half the frontage vacant. As already stated, the desire of the owner was to sell the entire property, and her price therefor was $6,500. It was this property and at this price the plaintiff undertook to sell, and his commission of two per cent was predicated on the proposition that he would effect such a sale, or do what was in the eyes of the law equivalent

thereto. He himself says: "Q. You were to have two per cent, if you effected a sale? A. If I effected a sale, yes, sir."

It is also agreed that the plaintiff succeeded in interesting one Alexander in the property to a sufficient extent that he went on several occasions to look at and examine it. The plaintiff says, Alexander made an offer of $5,000 for the property, and that this offer was communicated to the owner and flatly refused. He does not allege that he ever received any other offer for what he had on sale, or that he ever sought or secured any authority to split up the property and sell it in parts, or that he ever suggested, either to the owner or to Alexander, the possibility or probability that such a disposition of it might be advantageously made. In a word, the plaintiff agrees that with the offer from Alexander and its refusal by the owner, his active efforts towards a sale of the property ceased. He does allege that Alexander promised, at their last meeting, to still further consider the proposition to purchase the entire property, although he admits on cross-examination that Alexander told him he had no use for the building lot and did not want it.

Some time later Alexander sent his lawyer, a member of the Philadelphia bar, to the owner with an offer to purchase one half of the property with the buildings thereon for $5,250. She accepted the offer and made the sale. Upon this state of facts the plaintiff claims that, under his contract, there accrued to him a commission of two per cent on the purchase price, and the learned court below directed a verdict in his favor for that amount.

It would seem to be clear that the plaintiff never effected a sale of the property that was placed in his hands; that he never procured a purchaser to whom the defendant sold the same property after he had begun the negotiations; that he never furnished a party who was ready and able and willing to contract for the property on the terms named; and it was not through any act or default of the defendant owner that he was unable to do what he undertook to do in consideration of the payment of the commission he sues for, to wit, effect a sale of the property on the terms submitted by the owner.

On what ground, then, can he successfully base his claim for the recovery of commissions? In the recent cases of Turner v. Baker, 225 Pa. 359, and Thompson v. Goldman, 41 Pa. Superior Ct. 209, the Supreme Court and this court have reviewed the leading Pennsylvania cases on this subject and stated the true conclusions to be deduced therefrom.

In Turner v. Baker, 225 Pa. 359, the case for the plaintiff was a stronger one than that presented in this record, for the reason that the plaintiff there had an exclusive right to sell, which was to continue until he had received a ten days' written notice of the revocation by the principal of the authority given. Mr. Justice ELKIN there said: "The principal did not give the ten days' withdrawal notice, as required by the contract, which the broker insists was still in force when the sale was made by the principal. The right to recover the commission under these circumstances is asserted on two grounds, first, that a sale made by any person while the contract remained in force entitled the broker to the stipulated commission, and second, that the commission was earned by the broker producing a purchaser who was ready, able and willing to buy the property. The first proposition cannot be sustained for the reasons hereinbefore stated; the second contention depends upon the facts." He had previously shown that the broad rule contended for by the plaintiff in that case did not prevail in Pennsylvania.

In Thompson v. Goldman, 41 Pa. Superior Ct. 209, this court said: "If the plaintiffs are to recover the commission named in their contract for a sale of the property, they must show that they had procured for the defendant a party with whom he was satisfied and who actually contracted for the property at a price acceptable to the owner; or that it was through their efforts that the purchaser was secured to whom the defendant, after he wrongfully took the matter out of their hands, made the sale; or that even if they had not secured any binding contract from a proposed purchaser, they had actually produced to their principal a purchaser able and ready to perform his part of the proposal, so that a failure to complete an actual sale resulted alone from the fault or inability of the principal."

As already stated, the plaintiff here has wholly failed to put himself in any one of these categories.

We have not before us the question whether or not the property sold by the owner to Alexander was substantially the same property concerning which the plaintiff had negotiated with the same purchaser. The evidence clearly shows that what the owner subsequently sold was but the half in area of what she authorized the plaintiff to sell. It may have been the more valuable portion by reason of the fact that it carried the improvements, but this would not be sufficient to warrant the conclusion that what was sold by the defendant was substantially the same thing which the plaintiff had previously been authorized to sell. There is evidence also from the plaintiff himself that what the owner retained after her sale to Alexander had been originally purchased by her as a lot separate and distinct from the adjoining one upon which the buildings were erected.

The material facts in the present case are closely similar to those in Samuels v. Luckenbach, 205 Pa. 428. In that case the plaintiff, a broker, was authorized to sell one of two tug-boats owned by the defendant at prices agreed upon, and in case he effected a sale, was to receive a commission of five per cent. He produced a prospective purchaser who examined the two tugboats which the plaintiff had been authorized to sell, but declined to purchase either. This same party then negotiated with the owner concerning a third tugboat owned by him, and actually bought it. The plaintiff thereupon brought an action for his commissions on the theory that he was the efficient cause which brought to the defendant the purchaser who actually bought the boat. The learned trial court permitted him to recover, but the Supreme Court in an opinion by Mr. Justice MITCHELL reversed the judgment and entered one in favor of the defendant. It was there said: "There was no question that the purchaser had gone to defendant in consequence of his previous communication with plaintiff, but the testimony was conflicting as to whether or not he informed the defendant of that fact; it was not, however, material whether he did or not. The contract

between plaintiff and defendant conveyed no general authority, even by implication. On the contrary, the agency was expressly limited to the specific boats named, at specified prices, and neither of them was sold. As to any other boat, even if his communications with the purchaser be considered as the efficient means of the sale, the plaintiff was only a volunteer, without precedent authority or subsequent acceptance of his services as an agent."

So here, the only authority ever given to the plaintiff was to sell the entire property at a specified price. It is not contended that he ever sold it, nor that anybody else did. He never sought nor received authority to sell a different thing, to wit, the one-half of the property with the buildings on it. Nor did he ever know whether or not the owner would consider the making of such a sale or the price at which she would hold that portion of the property.

We are of opinion, therefore, that the learned trial court, upon the record as it stood at the conclusion of the trial, should have affirmed the defendant's point for binding instructions, or, failing in that, he should have afterwards granted the motion for judgment notwithstanding the verdict.

Judgment reversed, and judgment n. o. v. now entered for the defendant. The costs of this appeal to be paid by the appellee.