# J. A. Patterson Co., Appellant, *v.* United Gas Improvement Co.

*Real property—Brokers—Commissions—Special contract.*

Where in an action to recover a sum stipulated in a contract it appeared that plaintiff corporation, which conducted business as a real estate broker, had agreed to make search for premises suitable for defendant's business and to secure the same upon terms which would be satisfactory to defendant, for which services defendant agreed to pay the sum sued for, it was held that the plaintiff was not entitled to recover where the evidence did not show a fulfilment of the contract in all its particulars by the plaintiff. It was not sufficient for plaintiff to have conducted negotiations for a particular property, which defendant afterwards acquired through another broker, plaintiff's efforts in the meantime having been discontinued.

Argued January 8, 1913. Appeal, No. 260, Jan. T., 1912, by plaintiff, from order of C. P. No. 4, Philadelphia Co., Sept. T., 1909, No. 4153, entering judgment for defendant n. o. v. in case of J. A. Patterson Company v. United Gas Improvement Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on contract to recover commissions. Before WILLSON, P. J.

The jury returned a verdict in favor of the plaintiff for $2,800.

Defendant made a motion for judgment n. o. v., upon which WILLSON, P. J., filed the following opinion:

The plaintiff corporation is engaged in the real estate brokerage business. In the year 1908 the defendant company, desiring to obtain a prominent central location in Philadelphia for the conducting of a commercial business, came into communication with Mr. Patterson, the president of the plaintiff corporation, on the subject. There is no dispute between the parties as to the plaintiff being employed to make search for such premises as would be acceptable to the defendant, and to negotiate with the owners or occupants thereof such arrangements as would enable the defendant to obtain immediate or prompt possession upon terms which would be acceptable to the defendant. It may be that the defendant contends that the plaintiff was bound to proceed further in the matter of procuring satisfactory premises than has just been stated, but for the purposes of the present disposition of the case, we must take it as represented by the plaintiff's witnesses, and they go no further in imposing a duty upon the plaintiff than to say it was bound to look for suitable premises, and negotiate terms satisfactory to the defendant.

Evidence was offered on behalf of the plaintiff to the effect that for such services the defendant agreed to pay the sum of $2,500.

That the plaintiff made vigorous and protracted efforts to procure a satisfactory location for the defendant upon terms which would be approved by the latter is beyond all question. It seems to us, in view of the evidence in the case, that there may be good grounds for the recovery by the plaintiff of damages of a quantum meruit character for the services rendered. Upon that theory the trial judge has stated to the counsel for both

parties that it would be, in his opinion, the best and fairest way to dispose of the case to order a new trial, in order that, after suitable amendment of the pleadings, a trial might be had to determine the extent of the damages due to the plaintiff, upon a quantum meruit basis. The plaintiff's counsel, however, have expressed a desire that the court shall dispose of the case upon the motion for judgment non obstante veredicto, and that we proceed to do.

According to the statement filed, the plaintiff claims that, after it was employed by the defendant to do what it asserts it undertook to do, it set about looking for available premises, and negotiating for possession and acceptable financial arrangements, that it diligently prosecuted such efforts and brought to the attention of the defendant the property situated at the northeast corner of Eleventh and Market streets. It is further averred, as a part of the plaintiff's cause of action, that while the said efforts were in progress the defendant took matters into its own hands, and through another real estate concern, consummated arrangements whereby it acquired possession of the said premises upon terms not so favorable as the plaintiff could have obtained.

We do not think it can properly be claimed that the plaintiff brought the property at Eleventh and Market streets to the attention of the defendant. The testimony of Mr. Patterson, who is the only witness who speaks upon the subject, does not come up to the point of asserting that to be the fact. Indeed, the only positive evidence upon the point came from one of the defendant's witnesses, who testified that that particular property was under observation independently of the plaintiff, and that the plaintiff was sought to be the negotiator because its name was on a sign on one of the buildings as representing an owner or occupant. No testimony to the contrary of this was offered or produced.

The plaintiff does not claim to have obtained offers of terms which were approved by the defendant. On the

contrary, the plaintiff's own evidence shows that after repeated efforts to procure satisfactory terms of a lease from the owners, and, in part, by assignments of existing leases from tenants then in possession of parts of the buildings under negotiation, the plaintiff desisted from further efforts, at least for a time, and undertook negotiations for a property situated at Thirteenth and Market streets. These latter negotiations proved abortive, and there is nothing in the evidence to show that the plaintiff ever resumed its efforts to obtain the premises at Eleventh and Market streets. Indeed, it must be said that the plaintiff's letters, which were offered in evidence, show that it regarded the "deal" for that property was off, and to the same effect was the testimony of Judge Beeber in regard to the abandonment of negotiations with him in regard to one of the same properties.

About the same time, Mr. Patterson, the plaintiff's president, weary of his labors and, doubtless, disappointed by his failure, left the city for a somewhat prolonged absence in the search of health. The matter of searching for suitable premises was left in the hands of another officer of the plaintiff corporation, who seems to have confined his attentions to the Thirteenth and Market streets property. So far as appears, nothing further was done or attempted by the plaintiff in regard to the properties at Eleventh and Market streets, and after an interval of several weeks the defendant, through another agent, obtained the latter premises on somewhat different and in some respects less favorable terms than the plaintiff could probably have negotiated. A commission was paid to the new agents for their services. Just why another agency was sought by the defendant is not disclosed, and the reason may not be material. The plaintiffs, after months of effort, had not succeeded in negotiating satisfactory terms, and the defendant evidently regarded it as having abandoned the effort.

It is claimed on behalf of the plaintiff that it is in the

position of an ordinary broker, employed to find a purchaser of a piece of property at a fixed price, who brings to the owner a purchaser of a responsible character, or who is acceptable to the owner, such purchaser being ready to pay the price named.

In such a case, as a general rule, the broker would be entitled to demand and receive commissions at an agreed or the usual rate. If the present case should be regarded as controlled by such a principle, the verdict would have been a basis to rest on, but we do not think the case to be of that character.

As already stated, the agreed price of twenty-five hundred dollars, according to the plaintiff's statement, and its proofs, was to be paid for efforts to find a property and to negotiate satisfactory terms of possession and financial arrangements. The stipulated commissions could not be earned until the entire work should be completed.

It was for the doing of the entire work that the commission was to be paid. It is conceded that the whole work was not done. Even if it should be admitted that the defendant, without sufficient reason, took the matter out of the plaintiff's charge, and placed it in the hands of another agent, we do not see how that state of affairs could justify the conclusion that the whole stipulated sum was earned, when in point of fact, a large part of that for which the money was to be paid remain unfinished. It seems to us that there is a clear distinction to be drawn between such a case and the class of cases to which reference has already been made.

The plaintiff's counsel have called our attention to Middleton v. Thompson, 163 Pa. 112; Seabury v. Fidelity Ins., Trust & Safe Deposit Company, 205 Pa. 234; Black v. Snook, 204 Pa. 119; Gibson's Est., 161 Pa. 177, and Peters v. Holmes, 45 Pa. Superior Ct. 278. These are cases where brokers had, in fact, brought buyers and sellers together and were the efficient cause of sales being made to particular purchasers, or as in the

first case, where a broker employed to negotiate a loan obtained a party, ready and willing to make the loan, but the prospective borrower was unable to make a valid title to the property which was to be used as security. These cases do not rule that a broker who had failed to find a purchaser or seller who is willing to buy or sell at a given price, can recover a stipulated commission for his services, although, in a proper case, he may be able to recover on a quantum meruit.

In the case in hand, the broker failed to bring the negotiations for the desired premises to a conclusion satisfactory to the defendants. It was only by doing so that the plaintiff could become entitled to demand the compensation. There was no exclusive agency given to the plaintiff in the matter, nor was there anything of the nature of bringing two parties to a transaction together, so as to entitle the broker to recover upon that ground. The plaintiff was employed to do a specific thing, and we fail to see why the defendant could not at any time during the negotiations have discharged the plaintiff, with no other liability than that of being answerable in damages for the breach of the contract. The fact that the plaintiff was a broker does not alter the case. The question in any particular case is whether or not the broker has done, in substance, what he was employed to do, or to put the matter in another way, whether the principal has, in effect, derived by the broker's efforts the advantage which the employment contemplated. See Barber v. Miller, 41 Pa. Superior Ct. 442.

In the case before us, the plaintiff failed to carry negotiations for the premises which the defendant finally obtained to a successful issue, and it discontinued its efforts to do so.

We are of the opinion that the right to recover the stipulated commissions never came into existence under the circumstances of the case, notwithstanding by subsequent negotiations the defendant obtained the desired premises upon terms which were satisfactory to it.

The court entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was the order of the court in entering judgment for defendant n. o. v.

*Ellis Ames Ballard,* with him *Boyd Lee Spahr,* for appellant.—The defendant was liable to pay commissions to the plaintiff, even though it took the matter into its own hands and completed the negotiations itself: Keys v. Johnson, 68 Pa. 42; Reed v. Reed, 82 Pa. 420; Gibson's Est., 161 Pa. 177; Black v. Snook, 204 Pa. 119; Peters v. Holmes, 45 Pa. Superior Ct. 278; Warne v. Johnston, 48 Pa. Superior Ct. 98; Thompson v. Goldman, 41 Pa. Superior Ct. 209.

*R. Stuart Smith,* with him *Charles E. Morgan,* for appellee.—Under the special contract of employment in this case, plaintiff was not entitled to recover: Keys v. Johnson, 68 Pa. 42; Turner v. Baker, 225 Pa. 359; Thompson v. Goldman, 41 Pa. Superior Ct. 209; Barber v. Miller, 41 Pa. Superior Ct. 442; Yerkes v. Osborne, 42 Pa. Superior Ct. 253; Barrow v. Newton, 48 Pa. Superior Ct. 382; M'Crelish v. Churchman, 4 Rawle 26; Shaw v. Turnpike Co., 2 P. & W. 454; Martin v. Schoenberger, 8 W. & S. 367; Schilling v. Durst, 42 Pa. 126; Gillespie Tool Co. v. Wilson, 123 Pa. 19.

PER CURIAM, February 3, 1913:
The judgment is affirmed on the opinion of the learned president judge of the Common Pleas, entering judgment for the defendant non obstante veredicto.