## Keel *v.* Schadewald, Appellant.

*Contracts—Principal and agent—Sale of real estate—Sale by owners—Commissions.*

A real estate agent whose contract gives him a right to negotiate a sale which was not exclusive, and whose authority only extends to a sale of five properties at one time to a single purchaser, has no claim for commission where the owner has made separate sales of the several properties to different purchasers.

Argued October 10, 1922. Appeal, No. 92, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, Nov. T., 1921, No. 88, on verdict for plaintiff in the case of William I. Keel v. Mary Schadewald. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover commission for sale of real estate. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

426    KEEL v. SCHADEWALD, Appellant.

Verdict for plaintiff in the sum of $255 and judgment thereon. Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant non obstante veredicto.

*Francis C. Menamin,* for appellant.—Where a broker is given limited authority to sell real estate under stipulated terms and for a stipulated price, he cannot claim his commission unless he procures the buyer who meets the required terms and effects the sale: Yerkes v. Osborne, 42 Pa. Superior Ct. 253; Thompson v. Goldman, 41 Pa. Superior Ct. 209; Turner v. Baker, 225 Pa. 359.

*Harry C. Most,* for appellee.—The sales having been accomplished as a result of the activity of the agent he is entitled to recover his commissions, even though they were concluded directly with the owner: Cain v. Werner, 67 Pa. Superior Ct. 438; Lamb v. Elder, 56 Pa. Superior Ct. 522; Keys v. Johnson, 68 Pa. 42.

OPINION BY TREXLER, J., March 2, 1923:

This is a suit to recover commissions for the sale of real estate. The defendant was the owner of a row of five houses, and Keel, the plaintiff, collected the rent. Defendant told the wife of Keel that she wished him to sell the properties all together for $12,200. She did not care to be annoyed by separate settlements. The terms of the agency were definitely settled. It was not exclusive, and it was for all the houses in one transaction. Shortly after the properties were placed with Keel, the defendant sold them separately, some to the tenants, and others to outsiders. Keel claims that he was the inducing cause of the sale, that he brought the purchasers to the defendant, and the court allowed this question to go to the jury who found in his favor and allowed him commissions on all the houses. The matter is before us on the refusal to enter judgment n. o. v.

The law is well settled that an agent has earned his commissions when he produces a purchaser who is able and willing to buy the property at the price and on the terms fixed by the owner: McDonald v. Kimmell, 70 Pa. Superior Ct. 282, cited in Sowney v. Bair, 269 Pa. 448. It is not material that the negotiations are concluded directly with the owner: Cain v. Werner, 67 Pa. Superior Ct. 438. Had the plaintiff produced a customer who was able and willing to buy according to the terms imposed by the seller, there would be no question as to his right to recover. The difficulty is that these parties made their bargain and the plaintiff must stick to the terms of it. Having only the right to sell the houses all together, and having no exclusive agency, the agent had to run the risk of some one going directly to the principal, and by the offer of a higher price or other persuasion, inducing her to sell separately. He may have brought notice to the parties who bought that the properties were for sale, but he had no right to sell separately, and therefore, these separate sales could not be the basis upon which to rest a claim for commissions. If at any time before his contract was terminated he had produced a purchaser under the terms of the contract, he could have recovered. The action of the defendant does not commend itself to one's sense of right, but the plaintiff when the properties were put in his hand for sale, could have provided against such contingency as arose in this case, by insisting upon a definite contract in regard thereto before taking the agency.

The assignments are sustained, and the judgment of the lower court is reversed, and is now entered in favor of the defendant.