## Bennett *v.* Crew Levick Co., Appellant.

*Brokers—Commissions on purchase of goods—Contract—Rule as to real estate brokers not applicable—Efficient cause—Special contract.*

1. The right of a broker to commissions is a matter of contract express or implied; where there is an express contract it determines the rights of the parties.

2. Where under a special contract a broker is to be paid commissions on a purchase of goods at a specific price, he will earn his commissions only if he purchases the goods on the terms prescribed.

3. The fact that his principal purchases the goods through another broker at a less price, from the same seller to whom the first broker had offered the price stipulated between him and his principal, is immaterial.

4. The general rules governing real estate brokers, as to bringing the parties together, the efficient cause of the sale, when the commissions are earned, etc., are not applicable to such a case, as a special contract precludes their operation.

Argued December 2, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 252, Jan. T., 1926, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1924, No. 9545, on verdict for plaintiff, in case of Frank O. Bennett v. Crew Levick Company. Reversed.

Assumpsit for commissions. Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,393. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*W. Logan MacCoy, of MacCoy, Evans, Hutchinson & Lewis,* for appellant.

Where the express contract entered into by the parties makes plaintiff's commission contingent on obtaining a satisfactory price no amount of "introducing the parties" or "bringing them together" or obtaining unsatisfactory prices will suffice, and the authorities uniformly so hold: Patterson v. Gas Imp. Co., 239 Pa. 277; Speer v. Oil Co., 239 Pa. 180; Barber v. Miller, 41 Pa. Superior Ct. 442; Yerkes v. Osborne, 42 Pa. Superior Ct. 253.

*Robert T. McCracken,* with him *Roberts & Montgomery,* for appellee.—The contract being in parol was for the jury: Bastian v. Glass Co., 281 Pa. 313.

Plaintiff accomplished the result for which he was employed: Rettew Co. v. Heller, 85 Pa. Superior Ct. 418; Bedilion v. Muehler Bros., 74 Pa. Superior Ct. 516; Girsh v. Rolland, 285 Pa. 141; Folsom v. Slattery, 54 Pa. Superior Ct. 350; Bossart v. Mining Co., 276 Pa. 63; Buck v. Goodman, 88 Pa. Superior Ct. 386; Nydes v. Royal Neighbors of America, 256 Pa. 381; Sorensen v. Advertising Co., 284 Pa. 209.

OPINION BY MR. JUSTICE WALLING, January 3, 1927:

Frank O. Bennett, a broker, with offices in Philadelphia, brought this suit for commissions claimed on a purchase of fuel oil by the Crew-Levick Company, defendant, from the Mexican Petroleum Corporation, and this appeal by defendant is from judgment entered on a verdict for plaintiff. Early in September, 1924, plaintiff had a conference with defendant's comptroller, with reference to the purchase of from five hundred thousand to a million barrels of fuel oil. The arrangement was verbal and the evidence is conflicting as to its terms. In view of the verdict, however, we must assume the truth of plaintiff's version, which is that he was to have a commission of one cent a barrel, provided he succeeded in obtaining price on the oil satisfactory to the Crew-Levick Company, so it could be profitably resold. With

this in view, plaintiff approached the Mexican Petroleum Corporation and after several interviews obtained a price of $1.50 per barrel, for the desired quantity, which defendant declined as not satisfactory. Thereupon plaintiff continued his negotiations with the Petroleum Corporation, which renewed its offer of the oil at the same price and refused to make a better offer. It, however, suggested a counter offer from defendant, but none was then made. However, on September 16, 1924, defendant secured, from one of its customers, a twenty-four hour option for the sale of a large quantity of the oil. This rendered immediate action by defendant necessary and it sought to find plaintiff so he might again try the Mexican Petroleum Corporation for a better offer, and, failing, got a Mr. Eagle, of New York, to try to purchase for it the necessary oil, limiting him as to price but not as to the party from whom he should negotiate the purchase. On the same day, Eagle offered the Mexican Petroleum Corporation $1.40 per barrel, on behalf of the defendant, which was accepted and pursuant thereto seven hundred and seventy thousand barrels of fuel oil were delivered and paid for. There was no proof of bad faith on part of defendant or of any desire to take the business away from plaintiff. Both defendant and the oil company by which Eagle was employed were subsidiaries of a holding corporation but not otherwise interested in each other. Eagle had previously bought oil of the Mexican Petroleum Corporation for his company, but it was not interested in the purchase here in question. Defendant had made three previous purchases of oil from the same corporation through Bennett as broker, and during the negotiations by Bennett here involved he introduced one of defendant's representatives to the vice-president of the oil corporation who had charge of sales. Defendant did not give plaintiff an exclusive agency for the purchase here in question and the ten cents a barrel made a saving of $85,000 on the quantity purchased.

The right of a broker to commissions is a matter of contract, express or implied. Where there is an express contract it determines the rights of the broker. In the instant case both parties agree there was an express oral contract, although they differ as to its terms. Here we are interested only in plaintiff's version, and, judged thereby, his case fails, as of course it would under defendant's version. His rights to commission depended on his securing the oil at a price satisfactory to defendant; this, admittedly he never did, although given ample opportunity. It was Eagle, not Bennett, who secured the satisfactory price. The case is ruled by Speer v. Benedum-Trees Oil Co., 239 Pa. 180, where Mr. Justice Potter, speaking for the court, says, inter alia (page 190) : "The trial judge seems to have misapprehended the precise point in controversy, which was whether or not the plaintiff earned his commission by effecting a sale upon the only terms prescribed to him. The case was submitted to the jury apparently upon the theory that the plaintiff brought the parties together, and should, therefore, be paid a commission, even though there was no sale at the stipulated price, but a later sale at a modified price." To like import is Eline v. Mark, 288 Pa. 186; Patterson Co. v. United G. Imp. Co., 239 Pa. 277; and see Turner v. Baker, 225 Pa. 359; Kaiser v. Grossman et al., 87 Pa. Superior Ct. 421; Barber v. Miller, 41 Pa. Superior Ct. 442; Yerkes v. Osborne, 42 Pa. Superior Ct. 253; also opinion of Judge MARTIN in Shields v. Gerloch, 24 Pa. Dist. 83. Appellee relies upon Keys v. Johnson, 68 Pa. 42. That case turned on the general rules as to brokers' commissions; but it is there stated that a special contract may preclude their operation.

The contract did not require defendant to meet the Mexican Petroleum Corporation's offer with a counter proposition, and it was under no obligation to do so. Plaintiff was to obtain a satisfactory price and he never did. Had the purchase been made at the price he se-

cured, there would be more merit in his claim. It may be an unfortunate contract, but he made it and must abide by it. In other words, the plaintiff must stick to his bargain: Keel v. Schadewald, 80 Pa. Superior Ct. 425, 427. The general rules governing real estate brokers, as to bringing the parties together, the efficient cause of the sale, when the commissions are earned, etc., are not applicable here, because of the special contract. Where the evidence as to a parol contract is conflicting, it is the province of the jury to define its terms; but where under plaintiff's own version he has no case, the court should so declare.

The judgment is reversed and is here entered for the defendant non obstante veredicto.