## John Fink Agency, Appellant, *v.* Dougherty.

*Brokers—Real estate brokers—Commission—"Net" price—Judgment n. o. v.—Evidence—Counter claim—Case for jury.*

In an action of assumpsit by a real estate broker to recover commission it appeared that defendant authorized plaintiff to sell 13 houses for "Fifty thousand dollars net cash." The houses were sold by plaintiff for the aggregate of fifty thousand dollars and deeds executed to the several purchasers. Under such circumstances judgment non obstante veredicto was properly entered for the defendant.

Where one states to a broker that he will sell land for a certain sum "net" to him, the broker on procuring a purchaser is entitled to no commission unless the sum received exceeds the specified "net" price, the word "net" meaning that which remains after deducting all charges and outlay.

Where in such case the defendant set up a counter claim alleging fraud and negligence on the part of the plaintiff in not securing a fair price for one of the properties and the evidence was conflicting as to the value of the property and its sale price, the question was for the jury and a verdict for the plaintiff will be sustained.

Argued April 26, 1927.   Appeals Nos. 88 and 94½, April T., 1927, by plaintiff and defendant from judgment of C. P. Allegheny County, October T., 1922, No. 2578, in the case of John Fink Agency, Incorporated, a corporation, v. Redmond J. Dougherty. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Assumpsit by real estate broker for a commission. Before EVANS, COHEN and McVICAR, JJ.

The facts are stated in the opinion of the Superior Court.

The pleadings consisted of a statement of claim, affidavit of defense, amended affidavit of defense, statement of counter-claim and replication.

Verdict for plaintiff in the sum of $1,500. Subsequently, upon motion, the court entered judgment non obstante veredicto in favor of defendant on the ques-

444 JOHN FINK AGENCY, Appel., *v.* DOUGHERTY.

Assignment of Errors—Opinion of the Court. [90 Pa. Superior Ct.

tion of commissions and refused to disturb the verdict on the counter-claim. Plaintiff and defendant appealed.

*Errors assigned* by defendant were the refusal of defendant's motion for judgment non obstante veredicto and various rulings on evidence.

*Howard Zacharias,* and with him *Harry Shapero,* for appellant.

*E. J. Gannon,* of *Hazlett, Gardner & Gannon,* for appellee.

OPINION BY TREXLER, J., July 8, 1927:

The defendant wrote the plaintiff the following letter: "Confirming my conversation of the 25th inst., with your Mr. A. J. Fink regarding the selling of my property, I think you might proceed and sell the entire thirteen (13) houses separately for Fifty Thousand ($50,000.00) Dollars net cash. Your commission of 3% to come out of the last sale made." The houses were sold for the aggregate of $50,000.00. When the broker had executed the agreements for the sale of all thirteen houses, he notified the defendant and requested him to execute deeds to the several purchasers, which he did, but refused to pay any commissions; hence, this suit.

Although there are other matters appearing in the case, the controlling question is, what is the meaning of the words "50,000.00 net cash?" It seems that there is very little doubt as to this. In Hemphill's Estate, 180 Pa., 95, the Court said: "The net income of real estate is only that portion which remains after the payment of taxes, repairs and commissions." The authorities from various states are collected in Cyc. 29, Page 671, and all of them are to the effect that

the word "net" means clear of all charges and deductions, being the opposite of "gross."

In the Century Dictionary "net" is defined as "clear of anything extraneous with all deductions (such as charges, expenses, discounts, commissions, taxes, etc.) made." This is quoted from Gibbs vs. Peoples National Bank, 198 Ill. 307.

The learned court below quotes from the case of Wolverton vs. Tuttle, 94 Pacific Reporter, 961, "Where one states to a broker that he will sell land for a certain sum 'net' to him, the broker on procuring a purchaser is entitled to no commission unless the sum received exceeds the specified 'net' price, the word 'net' meaning that which remains after deducting all charges and outlay." To the same effect, appellee cites, Samoa v. Worden, 152 N. W., 689; Matheney v. Godin, 130 Georgia, 173. We add, Evans v. Wain, 71 Pa. 69, where "net balance" is defined.

We see no weakening of the effect of the word "net" by the words used in the communication which the prospective vendor sent to the broker, quoted above, that the commission was to come out of the last sale made. There were thirteen houses, they were to be sold separately and evidently the vendor wished to be sure that he was getting his $50,000.00 net, before he would pay any commissions out of the excess over $50,000.00 received. His net balance was to be $50,000.00. The agreement of the parties was in writing and there is nothing in the case which would justify a departure from the evident purpose of the agreement that the vendor was to get $50,000.00 net cash, clear and above any commissions.

The defendant has also appealed   At the trial he claimed a certificate of $2400.00 on the ground that the evidence shows that the plaintiff should have obtained $2400.00 more than he did for what was known as the Woolslair property. There was disputed testimony as to what the property was worth, and what it

was sold for.   This testimony was left to the jury with instructions that if the Fink Agency had dealt fraudulently, carelessly or negligently with its client and had not secured the price which it should have for the Woolslair property, then it could not recover commissions and was liable for what would be the difference between what it sold the houses for and what it could have sold them for with reasonable effort at that time.   The jury found in favor of the plaintiff and we think that settles the matter.

The judgment is affirmed.   The prothonotary will make the proper entry in each appeal.