## Samuel Uram and Israel Ernst, Trading as Uram and Ernst, *v.* Joseph Dessner, Appellant.

*Contracts—Sales of land—Agent—Commissions.*

In an action of assumpsit by an agent to recover, as commissions, money paid by the purchaser, on a contract for the sale of real estate the evidence disclosed that defendant had an option to sell the property. The agreement provided that anything in excess of a given amount should belong to him. The purchaser paid two hundred dollars as down money and failed to complete the purchase.

Under such circumstances the agent cannot recover on the quantum meruit the customary commissions of real estate agents.

The right to commissions is a matter of contract; where an express contract exists its terms are controlling.

Argued October 27, 1927. Appeal No. 290, October T., 1927, by defendant from judgment of M. C. Philadelphia County, February T., 1926, No. 869, in the case of Samuel Uram and Israel Ernst, trading as Uram and Ernst, v. Joseph Dessner. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit to recover commissions for the sale of real estate. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $208.12 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of motion for judgment non obstante veredicto.

*Louis Bernstine,* for appellant.—The commissions were not earned until the sale was made: Simon v. Myers, 284 Pa. 3; Kaiser v. Grossman, 87 Pa. Superior Ct. 421.

*Adolph Eichholts,* for appellees.—The commissions were earned when the purchaser was found, regardless of whether the sale was actually made: Rosenfeld v. Bobb, 80 Pa. Superior Ct. 280.

OPINION BY TREXLER, J., March 2, 1928:

The parties made an agreement, dated the 13th day of July, 1925, which reads as follows: "I hereby give Uram & Ernst an option for 30 days within which time to sell my property situated at 2017 S. 8th Street for consideration of $7,000 net dollars. Joseph Dessner."

On the 14th day of July, through the intervention of Uram and Ernst, Dessner and his wife entered into an agreement with Benjamin Simon for the sale of the property for the sum of $7,500; $200 was paid as down money, to be forfeited to the vendor as liquidated damages in case of default, and the balance upon certain terms. The purchaser defaulted and the sale was never consummated. Uram and Ernst brought this suit to recover commissions for the sale of the property. At the trial, they claimed that they were entitled to $500, the sum in excess of $7,000 referred to

in the agreement. In view of the fact, however, that the defendant received but $200 down money, they have sued on a quantum meruit, 2½% of $7,500, to wit: $187.50, which they alleged is the just, reasonable and customary commission of real estate agents, for securing purchasers of real estate.

The plaintiffs' case is founded upon the assumption that when they once secured a purchaser for the property which was satisfactory to the owner and he entered into an agreement of sale with such purchaser, they were entitled to the commission. Both of the plaintiffs testified that at the time the written agreement was made or option given, nothing was said as to the time of the payment of their commission, so that we have nothing before us except the written paper of July 13th. It will be noticed that this paper is denominated an option. It is a granting of a privilege for a limited time. The plaintiffs had the right to sell the property and if they sold it, the vendor was to get the $7,000. We do not consider this as an ordinary agreement between a seller and real estate agent. Usually the real estate agent is entitled to his commission as soon as he sells the property, but in this case, there was to be no commission on any sum. If the purchaser paid in excess of $7,000, this excess belonged to the agent. He was to get a portion of the money received for the property. There was a definite division of the consideration; $7,000 to the owner and anything above that to the agents. They were joint participants in the enterprise and as we construe the agreement, the plaintiffs were to get nothing until the entire consideration was paid or settled for. The vendor is to get his money net clear of expenses, commissions, charges or outlay, Fink Agency v. Dougherty, 90 Pa. Superior Ct. 443, what is left after the owner gets his, belongs to the agent. If that consideration did not pass, there was no fund wherewith to

pay. The plaintiffs declared on a quantum meruit. There was no element of that nature in the case for they were to be paid in a lump sum. If they did not wish to claim the full amount what such services were usually worth, they could reduce their claim; that is usually the privilege of any creditor, but their claim would still be founded upon the written contract, not for services whose value must be proven. The contract determines the rights of the parties. Bennett v. Crew Levick Co., 288 Pa. 180.

The judgment is reversed and is now entered in favor of the defendant.