## Rick *v.* Moyer, Appellant.

Argued January 28, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*C. H. Ruhl,* for appellant.—The case is ruled by Uram & Ernst v. Dessner, 92 Pa. Superior Ct. 401; Fink v. Dougherty, 90 Pa. Superior Ct. 443.

*John B. Stevens,* of *Stevens & Lee,* for appellant.— The case was for the jury: Bunnett v. Crew Levick Co., 288 Pa. 184.

OPINION BY MR. JUSTICE FRAZER, March 18, 1929:

Plaintiff sued on an oral contract in which he alleged defendant agreed to pay him $3,000 for his services if he procured a purchaser for the premises No. 1100 Reading Boulevard, Wyomissing, Berks County, at the price of $115,000. Plaintiff averred he performed the agreement by procuring a purchaser ready, able and willing

to buy for the sum stated, and the purchaser paid a small deposit on account and was ready to enter into a formal agreement to take the property at the price mentioned above, but defendant then gave notice that his wife was dissatisfied with the transaction and refused to join in the conveyance.

The affidavit of defense denied the oral agreement to pay plaintiff $3,000 for his services, and averred the real agreement was that defendant agreed to accept $112,000 net for his property and would pay no commission, whereupon plaintiff added $3,000 to the price. making the total $115,000, thereby leading defendant to understand that the purchaser was to pay the commission to plaintiff. As a further defense it was stated defendant's agreement to sell was on condition that his wife consented to join in a deed of conveyance, and since his wife refused to do so, the conditions, on which plaintiff would be entitled to compensation were not performed. The trial judge submitted to the jury two questions; first, what was the agreement between the parties, instructing them that unless they found the contract to be as testified to by plaintiff, there could be no recovery, and, second, whether a condition of the contract was that defendant's wife should be willing to join in the sale, instructing them that if they so found then plaintiff would not be entitled to recover because of having failed to show compliance with the conditions of his contract. The jury found in favor of plaintiff and judgment was entered on the verdict. Defendant appealed.

Defendant does not argue that the above questions of fact were not for the jury, but claims a fatal variance between averments of the statement of claim and proofs offered by plaintiff. In his direct examination plaintiff testified: "A price of $115,000 was agreed upon, which was the price to be presented to Mr. Auman. [The proposed purchaser.] Q. Did he say that to you? A. We agreed on that price...... Q. What price, if anything, were you to receive in the event that you secured a pur-

chaser? A. If I secured a purchaser at $115,000, I was to receive $3,000 for my services."

Plaintiff was corroborated by the following testimony of a witness called by him: "By the court: Q. Just tell what Mr. Rick said and what Mr. Moyer said. Narrate the conversation as correctly and as near as you can, what one said and then what the other said. A. Well, Mr. Moyer was willing to sell his property for $115,000, of which he wanted the sum of $112,000 net. This included the property and the contents, with the exception of linens, dishes, and some silverware. Q. Did you hear Mr. Moyer say to Mr. Rick, 'My price is $112,000 net'? A. No, his price was $115,000; he wanted $112,000 net."

The purchaser of the property, called by plaintiff, testified the minimum price quoted him was $115,000, that he did not agree to pay plaintiff anything and knew nothing of the agreement between plaintiff and defendant.

While defendant attempted, on cross-examination of plaintiff to procure an admission that he was to look to the purchaser for his commission, the above testimony is clearly sufficient to sustain the oral agreement as set forth in the statement of claim and to support the conclusion of the jury that the agreement between the parties was that the price of the property was $115,000 of which plaintiff was to receive $3,000 for his serivces, leaving a net selling price of $112,000 to defendant.

Defendant relies on John Fink Agency v. Dougherty, 90 Pa. Superior Ct. 443, and Uram et al. v. Dessner, 92 Pa. Superior Ct. 401, in support of the argument that, under the circumstances, plaintiff should receive no compensation whatever unless the sale was consummated. In the first case, defendant authorized plaintiff to sell houses "for $50,000 net cash." The sale was made for that amount, and the broker was held entitled to no commission since he received nothing in excess of the net price stated. The present case differs from that in the very material fact that here the consideration agreed

upon was sufficient to pay plaintiff for his services and leave for defendant the net amount he agreed to accept.

In the second case cited the agreement of sale provided the brokers were to have an option for a specified time within which to sell defendant's property "for consideration of $7,000 net dollars." The property was sold for $7,500 and $200 paid on account. Settlement was never made owing to default by the purchaser. The brokers then sued, not on the contract to recover the excess consideration, but on a quantum meruit for the usual brokerage commission. A verdict for plaintiffs was reversed by the Superior Court on the ground that there was nothing in the contract entitling plaintiffs to recover on a quantum meruit, their only right being under the written contract giving them an option to sell for a definite net price to the vendor. In that case it will be observed the brokers failed to sue on the only contract they had with defendant for the sale of the property, and in such contract no amount of compensation was fixed but the clear effect of the writing was that the brokers were to retain any amount received above $7,000. Furthermore, the default was on the part of the purchaser and not due to any act of defendant.

In the present case the action is brought on the oral contract and the amount of the commission was not only fixed, but was fully earned by procuring an agreement for the gross consideration asked by defendant, and failure to complete the sale was not due to the act of the purchaser but because of default by defendant who was unable to give a good title. Plaintiff fully performed the contract which the jury found existed, the suit was brought on such contract, and the only reason for its nonfulfilment is the failure of defendant to perform his part.

The judgment is affirmed.