## Swotes *v.* Schneider, Appellant.

Argued September 30, 1937.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Error assigned,* among others, was refusal of findings for defendant.

*Thomas P. Mikell,* with him *Saul, Ewing, Remick & Saul,* for appellant.

*Laurence Brunswick,* with him *D. Arthur Magaziner* and *Clinton O. Mayer,* of *Mayer, Magaziner & Brunswick,* for appellee.

OPINION BY KELLER, P. J., December 17, 1937:

While it is not usually done, there is no rule of law or public policy which prevents a real estate broker from agreeing to make the payment of his commission for effecting a sale absolutely dependent on the settlement of the transaction.

If his contract of employment so provides, a broker may be entitled to a commission on the selling price of real estate, if sold by the owner himself during the running of the contract, even though the broker had no part in bringing about the sale. Conversely, the contract may provide that the broker shall receive no commission or compensation for services rendered by him in the sale of real estate, if, *for any reason,* settlement for the transaction is not made by either purchaser or seller. If this is his agreement he is bound by it.

In the present case the parties explicitly provided that, *"In the event of settlement* the party of the first part [this defendant] agrees to pay to the party of the second part [this plaintiff] a commission of $600 at time of settlement. *If for any reason settlement be not made by the purchaser or by the party of the first part, no commission shall be paid to the party of the second part by the party of the first part."* (Italics supplied).

It will be noted that the plaintiff expressly agreed that his commission was payable by this defendant only *in the event of settlement,* and that no commission should be paid him by this defendant, *if for any reason* settlement was not made by the purchaser or the seller. The parties had a right so to contract, and there is no ambiguity about it. The clause means just what it says.

There was a reason which evidently moved the attorney acting for Mrs. Schneider, the present defendant, to put this clause in the contract. She was not the owner of the real estate to be conveyed under the agreement of sale. She was only the mortgagee in possession. In order to be in a position to carry out the agreement of sale she would have to foreclose the mortgage and buy in the property. Hence the agreement of sale specifically provided that it was, "Under and subject to title to the premises being obtained by party of the first part"; and "settlement [is] to be made on the execution and delivery of a deed by the party of the first part within thirty days from date after title is obtained from Sheriff, said time to be of the essence of this agreement, and not to be relieved against unless extended by mutual consent in writing endorsed hereon." No exception whatever is made in the agreement as respects the reason for the failure of either seller or purchaser to complete the settlement, which denied to the broker the right to claim a commission from the seller. The broker was to be paid no commission whatever by the defendant, the seller, if *for any reason* settlement was not made by her. She had expressly reserved to herself protection against liability for commissions if the settlement was not made by her for any reason whatever. Language could not be broader or more inclusive. The evidence shows that the plaintiff, representing himself as acting for the purchaser, came to the defendant's representative and negotiated for the *purchase* of the property. It does not appear that he acted for the defendant in any way with reference to the sale of the property prior to the execution of the agreement of sale in suit.

It appears from the evidence in the record that settlement never was made under the agreement of sale. The defendant's mortgage was not foreclosed. She never obtained title to the real estate to be conveyed. In-

stead it was conveyed by the owner to the Delaware River Bridge Commission for a sum sufficient to pay defendant's mortgage, which was satisfied. Hence by the express terms of the agreement, no commission was payable to the plaintiff broker. There was no question of fact to be passed upon by a jury, or by the judge sitting without a jury, and the defendant was entitled to binding instructions.

The cases cited and relied on by the court below and the attorney for the appellee dealing with the construction of ambiguous provisions in written contracts have no application to this case. There is no ambiguity in the clause relating to the payment of commissions. Nor are the cases applicable, which lay down the general rule that a real estate broker, employed by a seller to obtain a purchaser, earns his commission when he produces a purchaser who is able and willing to buy upon terms satisfactory to the seller; the parties may by their contract take themselves out of the ordinary rule and provide otherwise, as they did here. Furthermore the plaintiff was not employed by this defendant to negotiate a sale or find a purchaser; he represented the purchaser up to the signing of the agreement. Only by agreeing to pay his commission did the defendant assume any liability to the plaintiff; and that liability was made dependent on the settlement. Nor are those cases applicable which held a seller liable for the broker's commissions even though payable at settlement, where the failure to make settlement was due to the act of the seller, for in none of them did the contract contain an explicit provision, such as is present in this case, that the broker should be paid no commission by the seller, if *for any reason* settlement was not made by either purchaser or seller. As we said at the outset, there is no rule of law or public policy which prevents the parties from entering into

218

such an agreement, if the terms are clearly expressed, as they are in this case.

The assignments of error are sustained. The judgment is reversed and is now entered for the defendant.