# Freiwald *v.* Fidelity Interstate Casualty Co., Appellant.

Argued October 3, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

reargument refused February 11, 1958.

*Ralph B. Umsted,* for appellant.

*Herbert W. Salus, Jr.,* with him *Milton Berger* and *Wollman, Tracey, Schlesinger & Salus,* for appellee.

OPINION BY GUNTHER, J., January 21, 1958:

This is an action to recover commission for securing a mortgage commitment. In September 1953, defendant, acting through its agents, authorized plaintiff to secure a mortgage commitment for premises

#2209-2211 Chestnut Street, Philadelphia, Pennsylvania, in the sum of $75,000 for which defendant agreed to pay plaintiff the sum of $1,000. On or about September 30, 1953, plaintiff did secure a commitment and acceptance thereof by defendant, and on March 8, 1954, defendant was advised that the prospective mortgagee was ready, willing and able to go through with loan, but defendant refused to complete its performance of the alleged contract.

The case was first tried before Judge JONES and resulted in a new trial. It was later tried before Judge WILLITS without a jury and resulted in a finding for the defendant.

The court en banc subsequently, however, entered judgment n.o.v. for plaintiff and this appeal followed.

Defendant argues that the lower court was in error in entering judgment n.o.v. It bases its argument on the contention that the payment of the commission was contingent upon the mortgage transaction being completed and inasmuch as the transaction was not completed, there was no obligation to pay the commission. The part of the letter relied upon by defendant to prove the existence of the suggested condition precedent reads as follows:

"My charge in this matter will be $1,000 for services in this matter, which is to be shared with Abner Levy when received at the time of final and satisfactory settlement for the proposed loan."

There is nothing in this language which stipulates a condition to be performed, other than procuring a commitment, before plaintiff would be entitled to his commission. The language ". . . at the time of final and satisfactory settlement for the proposed loan" in no way indicates that the mortgage money be turned over to defendant before plaintiff would share the $1,-000 commission with Abner Levy "when received at

the time of final and satisfactory settlement for the proposed loan."

Defendant interprets the terms of the letter to read: "My charges in this matter will be $1,000 for services in this matter if there is a final and satisfactory settlement at which time defendant will receive the mortgage money." The actual language of the letter, no matter how it is read, has no suggestion of the terms defendant attempts to place thereon.

There is a well settled rule that a real estate broker's right to a commission accrues as soon as he presents a purchaser ready, willing and able to purchase the property upon the agreed terms: *Keys v. Johnson,* 68 Pa. 42; *Sweeney v. Oil and Gas Co.,* 130 Pa. 193, 18 A. 612.

It is also equally well established that if there exists an expressed agreement between the parties that the broker shall not be entitled to any commission until a stipulated condition has been fulfilled, the broker has no claim against the vendor for compensation until that condition has been performed. *Clark et al. v. Provident Trust Company of Philadelphia, Trustee, et al.,* 329 Pa. 421, 198 A. 36; *Shapira v. Union Trust Co.,* 306 Pa. 35, 158 A. 564.

Plaintiff in this case did all that was required of him to earn his commission when he had completed his part of the bargain. The lower court reaffirmed the principle that a mortgage broker earns his commission, as a rule, when he secures a commitment for the mortgage even though the transaction is not completed, especially when the failure of completion is due solely to the fault of the proposed mortgagor as in this case. If the seller wants to relieve himself of liability for a commission to a broker, who had brought to him a purchaser acceptable to him, it must be so stipulated categorically in unmistakable terms. *Swotes v. Schneider,*

129 Pa. Superior Ct. 214, 195 A. 464. If defendant's breach occasioned the cancellation, the defendant cannot take advantage of its wrong-doing to escape liability; *Aber v. Pennsylvania Co. for Insurances on Lives,* 269 Pa. 384, 112 A. 444.

The review of the testimony clearly indicates the defendant refused to complete its part of the transaction and the lower court was correct in entering judgment n.o.v. for the plaintiff.

Judgment affirmed.