# Mearkle and Brothers *v.* Kellerman, Appellant.

*Brokers—Real estate — Commissions — Failure to consummate sale—Right to commissions.*

In an ordinary case of the employment of a broker by the owner of real estate to procure a loan on his property, the broker has earned his commission when he procures a party with whom the owner is willing to contract, without reference to the final outcome of the transaction.

When the negotiations failed because of the defendant's default, the latter was not relieved from liability to pay commissions, unless the original contract of employment had been modified by a subsequent agreement. Under such circumstances, the burden of proving such a modification was upon the defendant.

Argued April 23, 1923.   Appeal, No. 25, April T., 1923, by defendant, from judgment of the Court of Common Pleas of Allegheny Co., Oct. T., 1920, No. 2187, on verdict for plaintiff in the case of L. K. Mearkle and Brothers v. David Kellerman.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit to recover commissions for securing loan on real estate.   Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,483.93 and judgment thereon.   Defendant appealed.

*Error assigned* was the charge of the court, quoting it.

*Blythe S. Weddell,* and with him *John M. Redden,* for appellant.

*A. C. Stein,* and with him *A. C. Teplitz,* for appellee.

OPINION BY PORTER, J., October 5, 1923:

This in an action of assumpsit brought by the plaintiff corporation to recover of Kellerman commissions alleged

to be due for certain services performed in securing a mortgage loan for the defendant. The plaintiff recovered a judgment in the court below and the defendant appeals.

There was no conflict of evidence as to what occurred at the time of the original employment of the plaintiff, which carries on the business of a real estate broker. The defendant, in the latter part of February or early in March, 1920, went, with Mr. Hunter, who had acted as his agent in some other lines, to the place of business of the plaintiff and stated that he had purchased a property and wanted a mortgage of forty-five thousand dollars and asked if the plaintiff could arrange the loan for him. Mr. W. W. Mearkle, representing the plaintiff corporation, replied that he thought he could arrange the mortgage. They discussed generally the character of the property, its location and value; the kind of mortgage to be given and these were found to be satisfactory. The commissions to be paid by the defendant for the services of the plaintiff, in case the latter secured the loan, were to be three per centum of the amount of the mortgage. There was nothing said at the time of this original employment about the commissions not becoming payable until the mortgage transaction was actually consummated and the money paid over. These facts were testified to by Mr. Mearkle and Mr. Hunter, the latter an absolutely disinterested witness, and the defendant, when called as a witness in his own behalf, admitted its substantial correctness, testifying that there was nothing else said at that time. This was the ordinary case of the employment of a broker by the owner of real estate to procure a loan upon his property, and under such a contract the broker has earned his commission when he procures a party with whom the owner is willing to contract, without reference to the final outcome of the transaction: Lieberman v. Colahan, 267 Pa. 102. It is undisputed that through the application of the plaintiff the United Security Life Insurance and Trust Company agreed to loan the money upon the mortgage; that the defendant,

by direction of the plaintiff, made written application for said loan on the 12th day of March, 1920, in which application he represented himself to be the owner of the property, which application was, on March 17, 1920, approved by the executive committee of the trust company, of which action the defendant was duly advised. The trust company subsequently forwarded to the plaintiff, for execution by the defendant, the bond and mortgage; whereupon the defendant declined to execute the papers, not because of his objection to any of the terms thereof but for the alleged reason that he had been unable to secure title to the property. The transaction failed because of the defendant's default. This would not relieve the defendant from liability to pay the commissions, unless the original contract of employment had been modified by subsequent agreement: Aber v. Pennsylvania Company for Insurance on Lives, 269 Pa. 387; Restein v. McCadden & Bro., 166 Pa. 340; Clark v. Battaglia, 47 Pa. Superior Ct. 290.

The defense relied upon in the court below was that the original contract of employment had been modified; that, on March 12, 1920, after the plaintiff had found a party willing to take the mortgage, when the defendant signed the written application to the trust company for the loan, he had told Mr. Mearkle that he had purchased four buildings in one contract, and was placing this loan on two of them and a loan by the Fidelity Title and Trust Company upon the other two; that, if there was any defect in the title to any of these properties, because they were all under one contract, then he could not close the deal until the title to both properties was in good shape, and he would "not be obligated to take this money unless the titles are clear"; that Mr. Mearkle replied, "That is understood. We would not give you the money unless the title was good." He further testified that, at this time, it was agreed between him and Mr. Mearkle that the three per cent commission was to be paid when the money (on the loan) was paid over to him. Now even if it be con-

ceded, which does not necessarily follow, that under this alleged later agreement defendant would not be required to pay commissions if the loan failed because of a defect in defendant's title to the property, this alleged agreement was made after the services of the plaintiff under the original contract of employment had been performed. When the plaintiff was originally employed the amount of the commission to be paid was agreed upon, but nothing was said about when it was to be paid. If this agreement was subsequently so modified that the commissions were not to be paid at all if the transaction finally failed because of a defect in the title of the defendant, the burden of proving the fact that that condition had been injected into the contract was upon the party asserting it, this defendant. The court below did not err in so charging the jury and the assignment of error is dismissed.

The judgment is affirmed.