# Advance Realty Company *v.* McLeod, Appellant.

*Real estate—Brokers—Commissions.*

In an action of assumpsit to recover commissions for the sale of real estate, judgment is properly entered for the plaintiff, where there is sufficient evidence that he procured a purchaser who was

satisfactory to the defendant and that an agreement of sale was subsequently executed.

In such case, the plaintiff's right to recover was not dependent upon the carrying out of the agreement of sale. If the purchaser, under the agreement, did not perform his part of the contract, the vendor had a right of action against him.

Argued December 9, 1924. Appeal, No. 282, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Jan. T., 1924, No. 693, in favor of plaintiff in the case of Alexander Phillips, trading as Advance Realty Company v. John McLeod. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover commissions on the sale of real estate. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of plaintiff. In the sum of $515. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Ralph S. Croskey,* for appellant.

*Norman W. Harker,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

The only assignment of error in this case is to the refusal of the court to enter judgment for the defendant non obstante veredicto. The plaintiff, who is a real estate agent, brought suit against the defendant for two per cent commission on a sale of real estate which the plaintiff claims to have effected. The statement of claim alleges that he was employed by the appellant to sell or exchange for him certain premises. At the trial when the plaintiff was on the stand he was asked: "Q. In para-

graph two of this statement you made this statement, 'The defendant agreed to pay to the plaintiff a commission of two per cent if he effected such sale or trade.' There is no question about that statement is there? A. No, sir. Q. That is correct and that is the present theory of your case? A. Yes, sir." This was allowed to go in without any objection. There was an agreement offered in evidence between John McLeod, the appellant, and one, Herbott, relating to a sale of real estate in Philadelphia in which there is a clause, "the seller also agrees to pay a commission of two per cent of sale price, to wit, the sum of five hundred dollars to the Advance Realty Company," this being the trade name of the plaintiff. There was also another agreement of even date in which Herbott sold to McLeod and a similar clause was contained in that agreement that the seller was to pay the Advance Realty Company two per cent commission. Taking the testimony of the plaintiff which was admitted without objection that there was a contract for the payment of two per cent commission and taking the agreement between McLeod and Herbott, as above referred to, in which reference is made to the payment of commission, coupled with the fact that these agreements looking to the exchange of properties were signed and sealed by the parties and were a complete and definite contract, we cannot say that the plaintiff has not proven his case and that it was the duty of the court to direct judgment against him. He did what he was required to do. He brought a customer who was satisfactory to the seller. If it had not been the seller would not have sold to him. After the agreement was signed the plaintiff having done his part was entitled to his pay. The fact that afterwards the party to whom he sold refused to carry out his agreement does not defeat the right of the party who effected the sale to get his commission. In this agreement of sale McLeod provided for down money of one thousand dollars which was to be forfeited if the other party made default. This

was his remedy against a defaulting purchaser. Plaintiff's right to recover was not dependent upon the carrying out of the agreement of sale. The only reason the agreement between the defendant and another party was admissible, was as evidence in the nature of admission on the part of the defendant that an agreement for the payment of commission existed and was recognized.

The judgment is affirmed.