# Gantert *v*. Young, Appellant.

*Real estate brokers—Suit for commissions—Purchaser obtained by broker—Refusal of owner to complete sale.*

In an action of assumpsit by a real estate broker to recover commission, it appeared that the plaintiff obtained a purchaser, to whom the defendant gave a written option to purchase, and at the same time entered into a verbal agreement as to the terms of acceptance of the option. It further appeared that the sale was never consummated and that there was a dispute as to whether the purchaser properly exercised his option to purchase or the defendant refused to sell the property. Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

In such a case the defendant cannot relieve himself from paying for the services of the plaintiff by his own breach of contract. He cannot take advantage of his own wrong doing to escape liability.

Argued November 9, 1925. Appeal No. 268, October T., 1925, by defendant from judgment of C. P. Lancaster County, December T., 1923, No. 13, on verdict for plaintiff in the case of H. A. Gantert v. John C. Young. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit by a real estate broker for a commission. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*F. Lyman Windolph,* and with him *Frank S. Groff* and *H. Clay Burkholder,* for appellant.—The commission was payable only in the event that the real estate was actually conveyed and paid for: Baum v. Goldblatt, 81 Pa. Superior Ct. 233; Miller et al., v. Hays and McCrea, 71 Pa. Superior Ct. 523; Lowenstein v. McPeak, 48 Pa. Superior Ct. 280; Mast-

baum v. Stuart, 67 Pa. Superior Ct. 85; Hillman v. Joseph, 9 Pa. Superior Ct. 1.

*Paul A. Mueller,* and with him *John M. Groff,* for appellee.—The appellee was entitled to his commission: Sweeney v. Oil & Gas Co. 130 Pa. 193; Lieberman v. Colahan, 267, Pa. 102; Buehler v. U. S. Fashion Plate Co. 269 Pa. 428; Greenblatt v. Fox, 59 Pa. Superior Ct. 53; Wilson v. Hays, 283 Pa. 271; Carpenter v. Lancaster, 212 Pa. 581; Campbell v. Wade, 83 Pa. Superior Ct. 415.

OPINION BY PORTER, J., February 26, 1926:

The defendant being the owner of certain real estate in the city of Lancaster, employed the plaintiff, a real estate broker, to make sale of the same, the contract of employment being oral. The plaintiff, averring that he had procured a purchaser with whom the defendant entered into a contract for the sale of the property, which contract the defendant subsequently refused to perform, brought this action to recover the commission agreed upon; he recovered a verdict and judgment in the court below and the defendant appeals. The only assignment of error refers to the refusal of the court to enter judgment non obstante veredicto in favor of the defendant.

The testimony of the plaintiff, which was corroborated by another witness, warranted a finding that the defendant placed the property in the hands of the plaintiff for sale; that it was agreed that the plaintiff should receive for his services the amount in excess of $25,000.00 which the defendant realized from the sale; that the commission to be received by the plaintiff should be $600.00, and that the price at which the property should be offered for sale was $25,600.00; that on October 20, 1923, the plaintiff produced a purchaser, able and willing to buy the property, with

whom the defendant on that day entered into a written contract giving to the purchaser an option to purchase the property for the sum of $25,600.00, said option to expire on October 27, 1923; that the defendant and the purchaser, Vafias, at the same time entered into an oral agreement that the purchaser should pay $500.00 upon acceptance of the option and the balance of the purchase money on April 1, 1924; that Vafias did, on October 27, 1923, accept the option, tender a payment of $500.00 as by the oral agreement required and then offered to enter into a written agreement for the purchase of the property, and that the defendant then refused to accept said payment and said that he had decided he was not going to sell the property. The written agreement of the defendant giving to Vafias the option to purchase the property fixed the price thereof at $25,600.00, but did not specify how or when this sum was to be paid. It was not necessary, under the terms of this agreement, to pay any part of the purchase price at the time of acceptance of the option; the purchase money must then be paid within a reasonable time thereafter: Atlas Portland C. Co. v. American Brick & Clay Co., 280 Pa. 453. It was, therefore, entirely competent for the parties to enter into an oral agreement, not inconsistent with the provisions of the writing, fixing the time when the purchase money should be paid. It was by all the witnesses admitted that such an oral agreement was made in this case, but there was a dispute as to the terms thereof. The plaintiff, Vafias, the purchaser, and another witness testified that the sum of $500.00 was to be paid at the time of the acceptance of the option. The defendant, on the other hand, testified that the oral agreement was that the sum of $2,500.00 should be paid by Vafias at the time of the acceptance of the option. The fact that the balance of the purchase money was to be paid on or before April 1, 1924 was not disputed. The defendant testified that when the

attempt was made on behalf of Vafias to accept the option there was tendered to him only the sum of $500.00; that he refused to accept that amount and proceed with the transaction upon the ground that the agreement required the payment of $2,500.00 and so then and there notified the parties. He positively denied that he had said to the parties at the time they attempted to accept the option that his refusal was upon the ground that he had changed his mind and would not sell the property. The only material fact with regard to which there was any substantial dispute under the evidence in this case was as to the amount of money which was to be paid by Vafias upon acceptance of the option. The determination of that fact was submitted to the jury by the learned judge of the court below with instructions of which the defendant does not complain. The verdict of the jury must be accepted as establishing that Vafias properly exercised his option to purchase the property and that this defendant became bound by his contract to sell. It has been argued here that as the agreement of the defendant was to pay as commissions what he "received" in excess of $25,000.00 and as he actually never received anything he ought not to be required to pay the commissions. There is no merit in this contention. Assuming that the theory of the defendant, that he was only to be required to pay commissions when the entire purchase money had been paid, he is here contending that his own breach of his contract to sell should relieve him from payment for the services of the plaintiff; he cannot take advantage of his own wrongdoing to thus escape liability: Aber v. Pennsylvania Co. for Insurance on Lives, &c., 269 Pa. 384; Greenblatt v. Fox, 59 Pa. Superior Ct. 53; Mearkle & Bros. v. Kellerman, 82 Pa. Superior Ct. 11. The court did not err in refusing to enter judgment in favor of the defendant notwithstanding the verdict.

The Judgment is affirmed.