Jann, Appellant, *v.* Linton's Lunch.

654

Argued October 1, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Maurice E. Cohen,* with him *Mareline McElwee* and *Herman M. Ellis,* for appellant.

*C. Laurence Cushmore, Jr.,* with him *James E. Riely* and *White & Staples,* for appellee.

OPINION BY HIRT, J., December 11, 1942:

Defendant corporation operates a restaurant on Market Street in Philadelphia. Two iron doors form a part of the sidewalk in front of the premises covering a cellarway, which when closed are flush with the level of the pavement. Early in the morning of January 1, 1940, plaintiff was walking along the sidewalk intending to enter the restaurant. As he stepped upon one of the iron doors it was raised from below without warning; he was thrown to the pavement and was injured. The case was tried by the president judge of the court below without a jury who found for the plaintiff in the sum of $1000. The court in banc set aside the verdict and entered judgment for defendant.

The determining issue of fact was whether the negligence which caused the injury was the act of defendant's servant. The defense was that the doors were opened by an employee of an independent contractor who was removing rubbish from the basement of the restaurant. Plaintiff testified that the door was pushed open by a man wearing a white cap and white trousers whom he had seen working in the restaurant some days before. He said the manager on that occasion had called this man from the rear of the premises and directed him to sweep up broken glassware from the floor.

Trial of civil cases, in Courts of Common Pleas, in the County of Philadelphia, by a judge without a jury, is authorized by the Act of June 25, 1937, P. L. 2090, 12 PS 695, which provides: "If both parties, as aforesaid, have filed agreements that the case may be tried by a judge without a jury, it shall be so tried under such rules of procedure as the said several courts of common pleas shall prescribe." The language of the act is almost identical with that of section 12 of the Act of July 12, 1913, P. L. 711; as amended June 20, 1919, P. L. 515, 17 PS 695, which established the Municipal Court of Philadelphia. The success of this procedure in its operation in the municipal court perhaps suggested its extension to the common pleas. Under the rules of the municipal court the judge may make a general finding (referred to in the rules as a verdict) without a memorandum of the reasons upon which his finding is based except where requested by counsel. Under the rules of the Court of Common Pleas of Philadelphia the trial judge is ·not required to assign reasons; his "adjudication ...... may consist only of his decision in the case."

Although specific findings are not required by the 1937 act nor by the rules of court, the "Opinion On Findings" of the trial judge recites: "The man

656

who raised the cellar door was identified by the plaintiff as the same porter that he had seen in the restaurant on a previous occasion." And the opinion indicates that defendant's attempt "to create the impression that it was the act of an independent contractor" was not accepted. However, immediately preceding the adjudication in favor of plaintiff the opinion contains this single conclusion of law: "Linton's Lunch is responsible for the safe condition of the pavement and it is defendant's duty to maintain a reasonably safe place of passage for pedestrians."

The court in banc interpreted the opinion as imposing liability on defendant solely because of a breach of its general duty above stated. The principle is inapplicable and the court in banc properly stated the single issue to be whether "an employee of the defendant, acting in the course of his employment, negligently opened the door." The court, however, found the testimony insufficient to establish that relationship and upon its independent appraisal of the probative value and weight of plaintiff's testimony entered judgment for defendant.

It is clear from the opinion of the trial judge that the adjudication rests solely upon the finding that defendant's servant committed the negligent act which caused the injury. The reference in the opinion to defendant's general duty is meaningless except as applied to the specific act of negligence established by the testimony. In a proceeding under the municipal court act the general finding of the trial judge is as much a verdict as though found by a jury on the same issue. *Philadelphia & Gulf Co. v. Clark,* 59 Pa. Superior Ct. 415; *Deacon, Appellant v. Hendricks,* 66 Pa. Superior Ct. 36. Similar language in the 1937 act must be similarly construed and the finding of the trial judge in the present case is the equivalent of a verdict of a jury. *Moore v. W. J. Gilmore Drug Co.,* 131 Pa. Superior Ct. 349, 200 A. 250.

We think that there is sufficient competent evidence, which the trial judge accepted, to support the verdict. A white hat and white trousers are not the usual dress of a rubbish man and they are inappropriate garb for the driver of a truck in January. Moreover, it is not improbable that a menial servant of defendant in his restaurant, one whose duty it was to keep the floors clean, would also assist in the removal of rubbish at least to the extent of opening the doors leading to the cellar where the rubbish had accumulated. This inference is not unreasonable in the light of plaintiff's positive testimony that the rubbish man who appeared in court was not the one who had opened the cellar door. The evidence identifying the negligent actor in this case as a servant of defendant is not as convincing as that in *Carpinelli et al. v. Reading Co.*, 306 Pa. 80, 158 A. 867, but the same principles apply.

It follows that the court in banc was without authority to disturb the finding. "When a case is tried by a judge without a jury, the trial judge takes the place of the jury and his finding on the facts has the force and effect of the verdict of a jury. The court in banc has no fact-finding powers in such a case any more than it has in a jury trial. The authority to *try* the case does not extend to the court in banc. It is limited to the trial judge. If there is evidence in the record to support the trial judge's finding and judgment thereon the court in banc cannot enter judgment non obstante veredicto in favor of the other party. The most that it can do is to grant a new trial": *Moore v. W. J. Gilmore Drug Co.*, supra. There is nothing in this case which requires a new trial.

Judgment reversed and directed to be entered for plaintiff on the finding of the trial judge.