### Berry *v.* Maguire et ux., Appellants.

68

Argued October 8, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*John J. Speese,* with him *John B. Burns,* for appellants.

*Joseph Blank,* for appellee.

OPINION BY ROSS, J., January 8, 1948:

This is an action in assumpsit by a broker to recover a commission from the owners of certain real estate. The jury returned a verdict for the plaintiff and after defendants' motions for judgment n. o. v. and new trial were dismissed by the court below, this appeal was taken.

On May 29, 1944, the defendants in writing appointed the plaintiff "sole and exclusive agent" for the sale of their house and lot in the city of Philadelphia. The plaintiff secured a purchaser, Knoos, who on September 29, 1944 entered into an agreement with the defendants to purchase the property and $300.00 was paid

to them on the purchase price of $3600.00. Knoos was unable to consummate the sale and on March 25, 1945, the defendants cancelled the agreement of sale and pursuant to the terms of the agreement retained the amount paid on the purchase price. Subsequently, the defendants sold the property through another broker to a different purchaser, paid the second broker his commission but refused to pay the plaintiff his commission on the Knoos transaction.

The plaintiff had earned his commission when he procured a purchaser satisfactory to the defendants and the agreement of sale was executed (*Advance Realty Co. v. McLeod,* 84 Pa. Superior Ct. 558) and the defendants do not contend otherwise. However, relying upon the principle of promissory estoppel, they contend that the plaintiff waived or abandoned his right to his commission, and that is the only question involved in this appeal.

The principle of promissory estoppel is defined in the Restatement of the Law, Contracts, Section 90, as follows: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." This principle is recognized in Pennsylvania but is not to be loosely applied. *Volkwein v. Volkwein, Exr.,* 146 Pa. Superior Ct. 265, 22 A. 2d 81.

After Knoos was unable to consummate his purchase of defendants' property, the defendants engaged another broker to sell their property. The second broker did not want to sell the property unless the defendants had a release from the plaintiff and, consequently, in response to defendants' oral request for such release, the plaintiff under date of April 25, 1945, wrote the following letter to the defendants: "You signed a card listing your property at 4334 Dexter Street with us, but the time limit has expired on the agreement, so that if another Broker sells this property I cannot claim any commission from

you." Thereafter, the defendants sold their property through the second broker and paid his commission.

The defendants contend that plaintiff's words "I cannot claim any commission from you" refer to the Knoos transaction. There is nothing in the letter to indicate this and to give rise to an estoppel statements must be clear and reasonably certain in their intendment. *Gen. Electric Co. v. N. K. Ovalle, Inc.*, 335 Pa. 439, 6 A. 2d 835. Furthermore, the jury having resolved all conflicts in the plaintiff's favor, the testimony must be read in the light most favorable to him and he is entitled to all inferences logically deducible therefrom. He testified that the reference to "commission" refers to any future sales by another broker, that ". . . I could not claim any commission in case another broker sells the property after this, but as far as my claim was concerned I was always entitled to that, I never waived that, that would be foolish . . ." The letter refers to a "listing" of defendants' property and a logical inference from this reference to "listing" and plaintiff's testimony is that the letter was intended as a release of any further right the plaintiff may have had to sell the defendants' property under the exclusive agency appointment of May 29, 1944.

One who asserts a promissory estoppel has the burden of showing that the promise was one which induced definite and substantial action by the promisee and that injustice can be avoided only by enforcement of the promise. Cf. *Fried v. Fisher et al.*, 328 Pa. 497, 196 A. 39. In this case, the defendants made no effort to meet the burden imposed upon them. There is no testimony to show that the letter of April 25 induced any definite and substantial action on their part or that an injustice would result if the plaintiff is allowed to recover in this action, and there is no testimony that the letter refers to the commission involved in this suit.

Judgment affirmed.