Mindlin, Appellant, *v.* Freedman et al.

Argued September 28, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Bertram U. Weinberg,* with him *Chas. A. Rothman,* for appellant.

*Paul Yermish* and *Herman J. Tahl,* with them *Joseph Ominsky,* for appellees.

OPINION BY ROSS, J., November 15, 1949:

This suit in assumpsit for the alleged breach of an oral contract was tried by a court without a jury, under the Act of June 25, 1937, P. L. 2090, 12 PS 695. The trial judge found for the defendants, exceptions to his findings were dismissed by the court en banc and the plaintiff took this appeal.

On or about November 19, 1946, the plaintiff entered into an oral contract with the defendant Freedman for the purchase of 500 cases of salmon at $20.00 a case and made a down payment of $1,000.00, taking a receipt therefor from Freedman which stipulated that the balance of the purchase price was to be paid upon delivery of the salmon. The plaintiff testified that the salmon was to be delivered on or before December 1, 1946 and that when it was not delivered on time he demanded the return of his down payment, which was refused. He testified: "The main part of the entire deal was the delivery part . . . the crux of the entire transaction was the delivery . . . they told me . . . that the goods will be here in a week or ten days at the utmost, and that was the whole crux of the transaction"; that he

had a purchaser for the salmon and told Freedman that he (plaintiff) would not buy the salmon unless it was delivered to him "around the first of December". According to the testimony of Freedman, no definite time was set for delivery of the salmon other than it was to be delivered when it arrived in Philadelphia from the Pacific Coast; that its arrival in Philadelphia was delayed by a strike and that when it finally arrived in January 1947, the plaintiff refused to accept delivery; and consequently, after due notice to the plaintiff the salmon was sold to another purchaser for $18.00 a case.

The conflicting testimony raised a purely factual question which was determined in favor of the defendant by the trial judge as fact-finder and his findings of fact have the force and effect of a verdict of a jury. *Perletto v. Lancaster Ave. Bldg. & Loan Assn.*, 353 Pa. 366, 45 A. 2d 10; *Jann v. Linton's Lunch*, 150 Pa. Superior Ct. 653, 29 A. 2d 219.

Although the plaintiff sued on a *contract* for recovery of the down payment and loss of profits and tried his case on that theory, after the trial court found against him he contended there—and now contends—that there was in law *no contract* between the parties. He testified that the brand of salmon he purchased was "supposed to be Puget Sound" salmon, while Freedman testified that he "sold Mr. Mindlin Red Alaska Salmon". Based on this conflict in oral testimony, the plaintiff contends that there was no meeting of the minds of the contracting parties, hence no contract, and he is entitled to the return of the down payment.

This contention must be ruled against the plaintiff under the principle that the fact-finder having found in favor of the defendant, the testimony and the inferences to be drawn therefrom must be viewed in the light most favorable to him (*Madison v. Lewis*, 151 Pa. Superior Ct. 138, 30 A. 2d 357), and all other testimony rejected. *Pinto v. Bell Fruit Co.*, 148 Pa. Superior Ct.

132, 24 A. 2d 768. Furthermore, the plaintiff refused to accept the salmon when it arrived in Philadelphia "because he didn't deliver it in time. That was the essence of the whole deal." Consequently, having refused tender solely on the ground of time of delivery, it would seem to be immaterial whether Puget Sound or Alaskan salmon was tendered.

Judgment affirmed.