Argued November 19, 1949.
This assumpsit action to recover a real estate commission was heard by a court without a jury. The trial judge found for the plaintiff, his findings were sustained by the court en banc, and the defendant took this appeal.
The facts are not in dispute. The plaintiff, a duly licensed real estate broker, was employed by the defendant to sell certain real estate owned by it in Pittsburgh for the price of $3,000.00, on which the plaintiff was to be paid the usual brokerage commission of 5 percent. On October 14, 1942, the plaintiff secured a purchaser for the property, one Norflet, who entered into an agreement with the defendant for the purchase of the property.
The plaintiff had earned its commission when it had procured a purchaser with whom the defendant entered into an agreement for the sale and purchase of the property. Advance Realty Co.v. McLeod, 84 Pa. Super. 558. *Page 213 
The defendant, however, denies liability for the commission on the basis of a letter to it written by the plaintiff under date of October 17, 1942, which reads in part as follows: "It is our understanding that we are to collect . . . $100.00 monthly from James I. Norflet and remit same to your association for a period of eight months, at which time title will be transferred and the deed will be delivered to the purchaser. Our commission will not be due until transfer of title." Under the terms of the purchase agreement, Norflet paid a total of $590.00 to the plaintiff, which it remitted to the defendant, and then Norflet defaulted in further payments. It is the contention of the defendant that by the letter of October 17 ("our commission will not be due until transfer of title") the plaintiff waived the commission that it had earned when the defendant entered into the agreement with Norflet, unless title was transferred to the latter after he had paid $800.00.
Assuming, arguendo, that transfer of title to Norflet was a condition precedent to payment of plaintiff's commission, this condition — which would be solely for the benefit of the defendant — was rendered inoperative by the defendant. When Norflet, the purchaser, did not perform his part of the contract, the defendant had a right of action against him to enforce performance. Advance Realty Co. v. McLeod, 84 Pa. Super. 558, supra. However, it elected to treat with Norflet on another basis: retain the payments already made, secure a release from him and sell the property to a third party. Furthermore, it might be added that at the request ofthe defendant, the plaintiff secured the release from Norflet so that the property might be sold to another person.
The trial judge found that "the parties waived the requirement that there would be no fee paid plaintiffs until transfer of title", and his findings of fact have *Page 214 
the force and effect of a verdict of a jury. Perletto v.Lancaster Ave. Bldg. Loan Assn., 353 Pa. 366, 45 A.2d 10;Jann v. Linton's Lunch, 150 Pa. Super. 653, 29 A.2d 219.
Judgment affirmed.