Opinion by
 

 Ross, J.,
 

 This assumpsit action to recover a real estate commission was heard by a court Avithout a jury. The trial judge found for the plaintiff, his findings Avere sustained by the court en banc, and the defendant took this appeal.
 

 The facts are not in dispute. The plaintiff, a duly licensed real estate broker, was employed by the defendant to sell certain real estate owned by it in Pittsburgh for the price of $3,000.00, on which the plaintiff Avas to be paid the usual brokerage commission of 5 percent. On October 14, 1942, the plaintiff secured a purchaser for the property, one Norflet, Avho entered into an agreement Avith the defendant for the purchase of the property.
 

 The plaintiff had earned its commission Avhen it had procured a purchaser Avith whom the defendant entered into an agreement for the sale and purchase of the property.
 
 Advance Realty Co. v. McLeod,
 
 84 Pa. Superior Ct. 558.
 

 
 *213
 
 The defendant, however, denies liability for the commission on the basis of a letter to it written by the plaintiff under date of October 17, 1942, which reads in part as follows: “It is our understanding that Ave are to collect . . . $100.00 monthly from James I. Norflet and remit same to your association for a period of eight months, at AAdiich time title will be transferred and the deed will be delivered to the purchaser. Our commission Avill not be due until transfer of title.” Under the terms of the purchase agreement, Norflet paid a total of $590.00 to the plaintiff, Avhich it remitted to the defendant, and then Norflet defaulted in further payments. It is the contention of the defendant that by the letter of October 17 (“our commission will not be due until transfer of title”) the plaintiff Avaived the commission that it had earned when the defendant entered into the agreement Avith Norflet, unless title Avas transferred to the latter after he had paid $800.00.
 

 Assuming, arguendo, that transfer of title to Norflet Avas a condition precedent to payment of plaintiff’s commission, this condition—which would be solely for the benefit of the defendant—Avas rendered inoperative by the defendant. When Norflet, the purchaser, did not perform his part of the contract, the defendant had a right of action against him to enforce performance.
 
 Advance Realty Co. v. McLeod,
 
 84 Pa. Superior Ct. 558, supra. However, it elected to treat with Norflet on another basis: retain the payments already made, secure a release from him and sell the property to a third party. Furthermore, it might be added that
 
 at the request of the defendant,
 
 the plaintiff secured the release from Norflet so that the property might be sold to another person.
 

 The trial judge found that “the parties waived the requirement that there Avould be no fee paid plaintiffs until transfer of title”, and his findings of fact have
 
 *214
 
 the force and effect of a verdict of a jury.
 
 Perletto v. Lancaster Ave. Bldg. & Loan Assn.,
 
 353 Pa. 366, 45 A. 2d 10;
 
 Jann v. Linton’s Lunch,
 
 150 Pa. Superior Ct. 653, 29 A. 2d 219.
 

 Judgment affirmed.