## Rottner v. Mencoff

*Roy Martin Boyd*, for plaintiff.

*C. L. Cushmore, Jr.*, for defendant.

KUN, J., January 19, 1950.—Defendant has filed preliminary objections to the complaint.

Plaintiff, a licensed real estate broker, obtained a purchaser for an industrial site of which defendant was equitable owner, under an agreement of sale. In the agreement of sale between defendant and purchaser, defendant agreed to pay plaintiff a commission of $12,-500 "as, if and when settlement hereunder shall be completed only". The agreement of sale required defendant, inter alia, to remove prior to settlement certain machinery and equipment, and to restore and replace physical damage caused by such removal. The complaint alleges that when defendant was unable to deliver possession of the property on September 15, 1949, the date fixed for the settlement, it was extended to October 14, 1949, at 2 p.m., at the Commonwealth

Title Company, by written agreement between defendant and the purchaser. The parties then met for settlement, and the purchaser was ready to deliver and tender defendant the full amount of the purchase price. The complaint alleges defendant had failed to remove the machinery and equipment and restore the property as agreed in the interim between the execution of the agreement of sale and the date of settlement, and defendant refused to make settlement. Defendant had settled for the property under his own agreement to purchase it, and had taken title in the name of C. L. Cushmore, Jr., who was ready with a deed signed by himself and his wife to convey the property according to defendant's direction. Defendant, having failed to make settlement with the purchaser procured by plaintiff, the purchaser demanded and received the return of his down payment.

Defendant's preliminary objections are based on the contention that inasmuch as the commission claimed by plaintiff was to be paid "as, if and when settlement hereunder (under the agreement of sale) shall be completed only", plaintiff has shown no right to recover because settlement was not completed under the agreement.

Defendant's contention overlooks a very important qualification in the law relating to the subject matter, namely, that where the failure of a settlement is due to the fault of the seller, he is not relieved from paying the commission by such a limiting clause affecting its payment as was used in this case. If a seller is to be relieved of his liability, though failure of settlement is due to his own fault, it must be so stated in clear and unmistakable terms, as in the case of Swotes v. Schneider, 129 Pa. Superior Ct. 214, where the following appeared in the agreement:

"If *for any reason* settlement be not made by the purchaser *or by the party of the first part* (the seller)

no commission shall be paid to the party of the second part." (Italics supplied.)

There was sound reasoning in that case for including such a restrictive and limiting clause in the agreement relating to the payment of commissions, because the seller did not have title but was merely the mortgagee who was contemplating foreclosure. However, the property was thereafter taken for public use from the owner, who received sufficient consideration to pay off the mortgage, although that was not the basis of the decision. What the court decided was that there was no law or public policy which prevents parties from entering into such a restrictive and limiting agreement for the payment of commissions, and if the terms are clearly expressed, as they obviously were in that case, the agreement would be enforced.

There is no such restrictive and limiting provision with relation to the seller in the agreement before us, affecting the broker's right to commission, which would relieve him from the obligation of paying the commission although failure of settlement was due to his own fault.

The case of Clark et al. v. Provident Trust Company et al., 329 Pa. 421, strongly relied on by defendant does not support his position, because in that case it was the *purchasers* who defaulted, or to be accurate, they elected not to exercise their right or option to purchase the property involved. Obviously, in that situation it is quite proper to hold the brokers to their agreement that their commissions were to be "considered as earned and payable only when settlement is finally completed and the full purchase money received". There was also involved in that case the decisive proposition that a broker dealing with a trustee of an estate as seller may have his right to commissions defeated, it being a fiduciary's duty to accept a higher offer, which in fact happened in that case.

The general statement in that case (p. 425) that if it was "agreed between the parties that the broker shall not be entitled to any commission until a stipulated condition has been fulfilled, for example, until the purchase price be received by the vendor, then until that condition has been performed the broker has no claim against the vendor for compensation", is subject to the qualification that the failure of the completion of sale is not due to the fault of the seller. In the case cited there was no occasion for the court to refer to this qualification because the question was not involved in the case, the fact being that it was the potential purchasers who made settlement impossible. However, the qualification has repeatedly been pointed out in our cases.

In Simon v. Myers, 284 Pa. 3, the court set aside a directed verdict for plaintiff-broker, where the commission was payable "at settlement", because it appeared that it was the purchaser, not the seller, who failed to make settlement. The court said (p. 9) :

"Of course, if the failure to make settlement had been the fault of defendant, he would be liable, even though the words had the meaning attributed to them by him; for he could not be permitted, by his own fault, to defeat plaintiff's claim: Aber v. Penna. Co. for Ins. on Lives, etc., 269 Pa. 384, 387. Here, however, it is admitted the purchaser was the only person to blame for the failure in that regard."

In the case of Aber v. Pennsylvania Co., etc., 269 Pa. 384, where the agreement provided, as disclosed by reference to the original record, that "commission *only* to be paid in case the sale is *consummated*" (italics supplied), it was held the broker was entitled to commissions though the sale was not consummated, because failure of settlement was due to the action of the seller.

It is to be observed that the provision for the payment of commission was quite as restrictive in that

case as in the case before us. In both, the word "only" appears, and in one the word "completed" was used and in the other the word "consummated", in the relevant provision. The point is, as stated in the Aber case (p. 387) :

"If defendant's breach occasioned the cancellation (defendant having cancelled the agreement and returned the deposit to the purchaser), it cannot take advantage of its wrong doing to escape liability."

This ruling was made notwithstanding that defendant was in fact a trustee, the court saying with reference thereto that it did not affect the broker's rights because that fact had not been disclosed.

To the same effect are Greenblatt v. Fox, 59 Pa. Superior Ct. 53, where the phrase used was "on completion of the transaction". It was defendant-seller, however, who failed to complete the transaction, and the court held that the broker was entitled to commissions: Clark v. Battaglia, 47 Pa. Superior Ct. 290, where the broker's compensation was to be paid upon "consummation of such sale"; it developed that it was the seller who could not consummate the sale because of some defect in the title, and the court held that the broker was entitled to recover his commissions. See also Gantert v. Young, 87 Pa. Superior Ct. 473. The cases are uniform on this point and additional ones need not be cited.

The basic legal proposition is that as soon as a broker produces one ready, willing and able to purchase the property on the seller's terms, the broker is entitled to his commission. Consequently, such general expressions with reference to the payment of commissions as "to be paid at settlement", "out of the proceeds of final settlement", "upon the consummation of the sale", "only when the entire purchase price is received by the seller", "only if the sale is actually consummated", and the like, are held to protect the seller only if the pur-

chaser defaults. They are ineffective to prevent recovery of commissions if it is shown that the failure of settlement was due to the fault of the seller. If a seller wants to relieve himself of liability for commission to a broker who has brought to him a purchaser acceptable to him, even although failure of settlement will be due to his own fault, it must be so stipulated categorically in unmistakable terms as in the Swotes case, in which the distinction is emphasized (p. 217) as follows:

"Nor are those cases applicable which held a seller liable for the broker's commissions even though payable at settlement, where the failure to make settlement was due to the act of the seller, for in none of them did the contract contain an explicit provision, such as is present in this case, that the broker should be paid no commission by the seller, if *for any reason* settlement was not made *by either purchaser or seller*." (Last italics supplied.)

There is nothing in the Clark case at variance with the Swotes case, or any of the prior Supreme Court cases which we have cited.

Plaintiff has set forth a good cause of action. The preliminary objections of defendant are overruled, with leave to file an answer on the merits in 20 days.

OPINION SUR RULE FOR JUDGMENT ON PLEADINGS

KUN, J., March 9, 1950.—Plaintiff brought this action in assumpsit to recover from defendant a commission of $12,500, which defendant agreed to pay plaintiff upon the sale of mill buildings, owned by defendant, for $250,000. When settlement did not take place because defendant failed to give possession, defendant cancelled the agreement of sale, returned the purchaser's down payment of $25,000, but refused to pay plaintiff his commission.

Defendant filed an answer raising preliminary objections which were overruled by the court, holding

that plaintiff had set forth a good cause of action: Opinion filed January 19, 1950.

Defendant filed an answer on the merits. Plaintiff filed a rule for judgment on the pleadings.

The answer raises no relevant issue of fact pertaining to plaintiff's claim. Defendant admits plaintiff was a duly licensed real estate broker; that he, defendant, was the equitable owner of the premises in question; that plaintiff produced a buyer for the real estate in question with whom defendant and his wife entered into a written agreement of sale, and that defendant executed a written commitment for the commission now being sued for, which plaintiff accepted by letter. Defendant further admits that the buyer put up $25,-000 down money; that C. Laurence Cushmore, Jr., took title to the property as provided for in the agreement of sale; that the date of settlement was extended to October 14, 1949, by mutual consent, and that all parties met at the Commonwealth Title Company for settlement at 2 p.m. on October 14, 1949. Defendant further admits that at settlement C. Laurence Cushmore, Jr., and wife had an executed deed to the buyer's nominee, that the buyer had a treasurer's check for the balance of the purchase price; that defendant, at the time of settlement, had failed to remove all of the machinery from the building or to repair the damage to the building caused by the removal of other machinery, as he was required to do under the agreement of sale, and that the buyer for that reason refused to consummate settlement, demanded the return of his down payment of $25,000, which defendant repaid to the buyer. Plaintiff avers that the buyer was ready, willing and able to settle, which is not denied by defendant.

In the answer defendant states that plaintiff was not employed by him to procure a purchaser, that plaintiff represented the buyer, not defendant. This is entirely irrelevant, considering the facts pleaded in the

complaint and in the answer. Plaintiff's right does not depend on previous employment. He produced a buyer satisfactory to defendant with whom the latter entered into an agreement of sale, to which defendant added his undertaking in writing, under seal, to pay plaintiff the commission mentioned therein.

The seller's liability to the broker in such circumstances was reiterated very recently in the case of Realty Investments, Inc., v. Harris et al., 166 Pa. Superior Ct. 211, 70 A.(2d) 427 (decided January 12, 1950) with the following statement:

"The plaintiff had earned its commission when it had produced a purchaser with whom the defendant entered into an agreement for the sale and purchase of the property. Advance Realty Co. v. McLeod, 84 Pa. Superior Ct. 558."

Defendant denies that he executed the commitment for plaintiff's commission "in consideration of any services rendered to defendant by plaintiff" and, further, that plaintiff accepted by letter the commitment. The commitment, endorsed on the agreement of sale, exhibit A of the complaint, provides:

*"In consideration of services* in procuring the Buyer named in the accompanying Agreement of Sale, the Seller named therein agrees to pay to Chester D. Rottner a commission of $12,500.00 as, if and when settlement hereunder shall be completed only.

Sam Mencoff (seal)"

Having drafted and signed a commitment which stated specifically that the commission was to be paid "in consideration of services in procuring the Buyer", defendant cannot contradict his own writing under seal. It is no defense that the commitment was made, as part of the agreement of sale, to relieve the buyer of the obligation to pay the commission. Such an averment, in fact, strengthens plaintiff's case. It states, in effect, that in order to make the sale defendant

agreed to pay plaintiff's commission. That in itself is ample consideration.

Mr. Rottner's letter of June 16, 1949, exhibit A of the answer, merely accepts the commitment to pay him $12,500 "for effecting this deal". It states further:

"This is entirely in order and I thank you, as attorney for Mr. Mencoff, for putting this commission clause in the agreement."

In the complaint, plaintiff, referring to defendant's default, states that defendant "neglected and refused to remove all of the machinery and equipment not covered by the agreement of sale from said buildings, refused and neglected to restore or replace in a workmanlike manner the physical damage or defacement of said buildings caused by or in the course of removing such machinery and equipment which had been removed by defendant prior to October 14, 1949, as provided for in paragraph 11 of said agreement of sale".

Defendant's answer is an admission:

"It is admitted that at the time of settlement there were still in premises certain minor items of machinery and equipment belonging to defendant which defendant was in the course of removing and had not yet completely removed and it is admitted that at the time of settlement there had been certain physical damage caused to the buildings on the premises in the course of removing machinery."

Defendant states in the answer:

"It is admitted that Richard J. Seltzer demanded the return of his down payment of $25,000 and that defendant, in order to avoid the expense and risks of litigation, returned such down payment."

Defendant may have returned the purchaser's deposit for the reasons given, but this cannot affect plaintiff's right to his commissions. Defendant having returned the deposit, he thereby foreclosed any

controversy he may have had with the purchaser, by which action plaintiff's claim became absolute. As aptly put in Aber v. Pennsylvania Co. for Ins. on Lives, etc., 269 Pa. 384, 387-388:

"So far as the agent was concerned, the purchaser settled when defendant cancelled the agreement and returned the hand money; settlement could then never be made by the purchaser because of defendant's own act."

In these circumstances the court held the broker was entitled to recover his commissions.

In Realty Investments, Inc., v. Harris et al., supra, the broker who had produced a purchaser, with whom defendant entered into an agreement of sale, was held entitled to recover his commission even though the purchaser defaulted and even though the broker had written defendant a letter stating, inter alia, "our commission will not be due until the transfer of title". Title was never transferred under the agreement of sale. After purchaser's default, defendant, instead of pursuing his remedies against the purchaser, forfeited certain down payments and took a release from the purchaser, thereafter selling the property to a third person through another broker. The court held that defendant was liable to the first broker for his commissions, saying at p. 213 in the Superior Court Report:

"Assuming, arguendo, that transfer of title to Norflet was a condition precedent to payment of plaintiff's commission, this condition—*which, would be solely for the benefit of the defendant*—was rendered inoperative by the defendant. When Norflet, the purchaser, did not perform his part of the contract, the defendant had a right of action against him to enforce performance. Advance Realty Co. v. McLeod, 84 Pa. Superior Ct. 558, supra. However, it elected to treat with Norflet on another basis: retain the payments already

made, secure a release from him and sell the property to a third party." (Italics supplied.)

As pointed out in the case last cited, defendant therein, instead of litigating the matter and holding the purchaser to his agreement, settled the matter with him by retaining certain down payments and taking a release from the purchaser. In the case before us, defendant settled with the purchaser by returning his deposit to "avoid the expense and risks of litigation", as put in his answer. This is no more a defense to plaintiff's claim for commissions here than a similar defense was in the case cited.

Defendant's answer has failed to set forth an adequate legal defense to plaintiff's claim.

Rule absolute. Judgment is entered for plaintiff on the pleadings.