## Berdane Furs, Inc., Appellant, *v.* First Pennsylvania Banking and Trust Company.

Argued June 8, 1959.  Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Albert B. Miller,* with him *Judah Zelitch,* for appellant.

*Arthur R. G. Solmssen,* with him *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY HIRT, J., November 11, 1959:

The plaintiff corporation opened a commercial checking account with the defendant bank on June 10, 1954, and on August 2, 1954 filed with the bank a certified copy of a resolution of its directors which, in respects material here, provided: ". . . that until otherwise ordered, said Bank be and hereby is authorized to make payments from said account upon and according to the check, draft, note or order of this . . . Corporation . . . when signed by President *and* Treasurer . . . without inquiry as to the circumstances of their issue or the disposition of their proceeds . . ." (Emphasis added).

On December 3, 1956, the balance in this bank account to the plaintiff's credit was $2,460.  In the normal exchanges on that date there was presented to

the bank for payment a promissory note for $2,000 payable to Chesner Fur Company; the note was signed "Bernard Koff, Sect. Berdane Furs, Inc." and was made payable on its face at the defendant bank. Bernard Koff then was secretary and treasurer of the plaintiff corporation; Daniel Lieberman the president of the corporation did not join in the execution of the note. The bank nevertheless paid the note and charged plaintiff's account with $2,025, the face of the note with accumulated interest.

This action was brought by the corporation to recover the above amount on the ground alleged that the bank was without authority to honor the note and charge it to the plaintiff's account, since it was executed by only one of the two corporate officers who were authorized by the resolution of the directors, above referred to, to execute notes in the name of the corporation. After suit, the bank brought in Bernard Koff as an additional defendant. The case was tried by a judge without a jury. The finding was for the defendant bank; and in favor of the plaintiff against the additional defendant in the sum of $2,203.87, representing the amount of the note with interest to May 16, 1958. Plaintiff's motion for judgment notwithstanding the verdict in the bank's favor was dismissed; hence this appeal.

The findings of the trial judge had the force and effect of a verdict of the jury (*Jann v. Linton's Lunch*, 150 Pa. Superior Ct. 653, 29 A. 2d 219; *Carlson v. A. & P. Corrugated Box Corp.*, 364 Pa. 216, 72 A. 2d 290) and since the findings are supported by competent evidence we may take it as established that Bernard Koff in the City of New York gave the note in question to Chesner Fur Company in payment for a parcel of skins bought from that company by Bernard Koff's father Harry Koff; that the transaction was wholly for

the accommodation of Harry Koff and the plaintiff corporation did not benefit from it in any respect. Daniel Lieberman knew of the outstanding note prior to its presentation to the bank for payment; but, as the court found on a conflict of testimony, no stop-payment order was lodged with the bank.

Again, and upon uncontradicted testimony, the trial judge found that the corporation repeatedly had issued negotiable paper over the signature of but one of its authorized officers contrary to the terms of the resolution above quoted; and specifically on eleven separate occasions, involving fifteen items, the bank honored corporation checks and notes which bore only one signature (either of Bernard Koff, Treasurer or of Daniel Lieberman, President) in spite of the two-signature requirement of the resolution; three of these items were paid by the bank within the thirty-day period preceding the payment of the note in question. Two of the checks or notes so paid were for $1,000 each. And in each of the above specific instances the corporation promptly ratified the action of the bank in charging plaintiff's account with the one-signature notes or checks.

A resolution of the board of directors of a corporation filed with a bank, authorizing the payment of checks or notes drawn in accordance with the resolution and not otherwise, is a part of the contract between the bank and the depositor. *Main Belting Co. v. Corn Ex. Bank*, 325 Pa. 168, 188 A. 865. But the depositor may be estopped from taking advantage of the bank's failure to comply strictly with the limitation of authority contained in the resolution. And in the instant case the lower court properly held that by the course of dealing as found by the trial judge the corporation was estopped from setting up non-compliance with its resolution, as a defense. The previous course

of dealing between the corporation and the bank (as found by the trial judge, supported by competent evidence and approved by the court) constituted a complete defense to recovery against the bank by the plaintiff in his case. *Putnam v. Ensign Oil Co.*, 272 Pa. 301, 307, 116 A. 285.

*Main Belting Co. v. Corn Ex. Bank*, supra, relied upon by appellant is distinguishable from the instant case in that in that case there was no averment that the plaintiff knew of an alleged custom or usage upon which the bank relied.

Order affirmed.